E-FILED
Tuesday, 18 April, 2006  03:14:37 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DON BENNY ANDERSON,              ) | |
|                                  ) | |
|     Plaintiff,        ) | |
|                                  ) | |
| v.                               ) | Case No. 06-1046 |
|                                  ) | |
| UNITED STATES OF AMERICA,        ) | |
|                                  ) | |
|     Defendant.        ) | |

## O R D E R

This matter is now before the Court on Anderson's Motion for Writ of Error Coram Nobis. For the reasons set forth below, the Motion is construed as an untimely and successive Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, and is dismissed for lack of jurisdiction.

### Background

Don Benny Anderson ("Anderson") was convicted on charges of traveling in interstate commerce to commit arson pursuant to 18 U.S.C. § 1952, damage to property by use of explosives in violation of 18 U.S.C. § 844(i), and conspiracy in violation of 18 U.S.C. § 371 in the United States District Court for the Eastern District of Virginia. On March 22, 1984, he was sentenced to five years' imprisonment on each of the first two charges and two years' imprisonment on the third charge, with the sentences to be served consecutively to another federal sentence. Anderson's conviction and sentence were affirmed on direct appeal to the Fourth Circuit, and a Rule 35(a) motion was denied on July 11, 1995.

In 1997, he filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant

to 28 U.S.C. § 2255 as case number 97-749 in the Eastern District of Virginia, which was denied on September 10, 1997; the dismissal was subsequently affirmed on appeal. United States v. Anderson, 162 F.3d 1156, 1998 WL 558690, at *1 (4th Cir. August 28, 1998). He then filed a second § 2255 motion in this District; the order denying this motion was entered on February 17, 2000, and affirmed by the Court of Appeals on June 8, 2001.

Anderson then brought a § 2241 petition in this Court in which he argued that the court lacked jurisdiction to convict him after he denied that he committed the crimes alleged in the indictment and that he was denied due process. That petition was deemed to be an improper successive motion pursuant to § 2255 and dismissed for lack of subject matter jurisdiction on December 28, 2001.

In March, July, and September 2003, Anderson filed three petitions pursuant to §2241 attacking this conviction in the United States District Court for the Northern District of Texas. All three petitions were summarily dismissed as improper successive attacks.

In June 2005, Anderson filed yet another habeas petition attacking this conviction in this Court. This petition and a motion to reconsider or amend the petition were summarily denied as an improper attempt to circumvent the prohibitions against successive habeas corpus petitions. Undaunted by the many previous dismissals, Anderson filed another § 2241 petition in this Court that also attacked his conviction in the Eastern District of Virginia, and this petition has also been dismissed for lack of jurisdiction as successive.

Anderson has now filed a Motion for Writ of Error Coram Nobis in which he attempts

to collaterally challenge his conviction in the Eastern District of Virginia. This Order follows.

## Discussion

The Seventh Circuit has rejected the use of Writs of Error Coram Nobis as a means of circumventing the procedural bars imposed by motions brought pursuant to § 2255. Specifically, the Court of Appeals has held:

> Prisoners cannot avoid the AEDPA's rules by inventive captioning. See, e.g. *Owens v. Boyd*, 235 F.3d 356 (7th Cir. 2000) (application for coram nobis); *United States v. Evans*, 224 F.3d 670 (7th Cir. 2000) (use of Rule 33 based on matters other than newly discovered evidence of innocence). Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, is a motion under § 2255, no matter what title the prisoner plasters on the cover. See, e.g., *Ramunno v. United States*, 264 F.3d 723 (7th Cir. 2001). Call it a motion for new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls.

Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004); *see also*, Cooper v. United States, 199 F.3d 898, 901 (7th Cir. 1999), *citing* In re Davenport, 147 F.3d 605, 608 (7th Cir. 1998); Godoski v. United States, 304 F.3d 761, 1650-51 (7th Cir. 2002).

Paragraph 1 of § 2255 provides that federal prisoners claiming the right to be released based on a sentence being imposed in violation of the Constitution or federal law, lack of jurisdiction, a sentence in excess of the maximum authorized by law, or based on other collateral attacks can file a motion in the court that imposed sentence to vacate, set aside, or correct the sentence. Anderson's Motion for Writ of Error Coram Nobis alleges that fundamental error occurred in the criminal proceedings in the Eastern District of Virginia because the court lacked jurisdiction for a variety of reasons. Such claims are well

within the coverage of ¶1 of § 2255. Thus, under the reasoning of Melton, the present filing is actually a motion under § 2255, which the Court is required to dismiss for lack of jurisdiction because Anderson has not received permission from the Seventh Circuit to commence a second or successive collateral attack[1] and also because any such petition would appear to be untimely.

## Conclusion

For the foregoing reasons, Anderson's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [#1] is DISMISSED FOR LACK OF JURISDICTION. The Motion to Expedite [#2] is DENIED AS MOOT. This matter is terminated.

ENTERED this 18th day of April, 2006.


s/ Michael M. Mihm
Michael M. Mihm
United States District Judge

---

[1] If this were Anderson's initial post-judgment motion, the Court would need to provide Anderson with a warning that the motion would be treated as a collateral attack and offer him the opportunity to withdraw or supplement it pursuant to Castro v. United States, ___ U.S. ___, 124 S.Ct. 786 (2003). However, the same requirements and concerns do not apply when the Court recharacterizes a successive collateral motion, so no such warnings are necessary. Melton, 359 F.3d at 857.